[Cite as *State v. Juhan*, 2012-Ohio-2635.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97745**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# FREDDIE JUHAN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-548303

**BEFORE:** Cooney, J., Blackmon, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** June 14, 2012

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 218
Northfield, Ohio 44067


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
By: Steven N. Szelagiewicz
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

**{¶1}** Defendant-appellant, Freddie Juhan ("Juhan"), appeals his felony conviction for domestic violence. Finding no merit to the appeal, we affirm.

**{¶2}** In March 2011, Juhan was charged with kidnapping, felonious assault, robbery, domestic violence, and disrupting public services. The Cuyahoga County psychiatric clinic report found him competent to stand trial. The case proceeded to a jury trial. At the close of the State's case, the court granted Juhan's Rule 29 motion to dismiss the charge of robbery based on insufficient evidence.

**{¶3}** The jury found Juhan not guilty of kidnapping, felonious assault, and disrupting public services, but found him guilty of domestic violence. He was sentenced to 36 months in prison and three years of postrelease control. Juhan now appeals, arguing in his sole assignment of error that his conviction is against the manifest weight of the evidence.

**{¶4}** A challenge to the manifest weight of the evidence attacks the verdict in light of the State's burden of proof beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 1997-Ohio-52, 678 N.E.2d 541. When reviewing a claim that the judgment was against the manifest weight of the evidence, we review the entire record, weigh both the evidence and all the reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction

must be reversed and a new trial ordered. *Id.* Therefore, an appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances to correct a manifest miscarriage of justice, and only when the evidence presented at trial weighs heavily in favor of acquittal. *Id.* at 387.

{¶5} Juhan was convicted of domestic violence in violation of R.C. 2919.25(A), which states: "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."

{¶6} The following evidence was adduced at trial.

{¶7} LaTonya Hamerter ("Hamerter") testified that she and Juhan began dating in July 2010 and he began living with her in November 2010. Juhan's mother also lived with the couple in Hamerter's apartment. On February 26, 2011, Juhan threatened to kill Hamerter. Shortly after midnight, he began punching Hamerter in the face, dragging her across the apartment, threatening her with a knife, and choking her. She testified that he hit her with numerous household items, including a pitcher, a surge protector, and a speaker. Hamerter testified that for the two days following the attack, Juhan did not leave her unattended and refused to allow her to leave or make any phone calls. She testified that her first opportunity to call 911 was when Juhan left her unattended to go to the bank. She concluded her testimony by confirming that the photos admitted as evidence depicted her injuries.

{¶8} Officer Roland Brown testified that when he arrived at Hamerter's apartment, she was visibly bruised and upset. Sgt. Mark Sheppard testified that he

photographed Hamerter's injuries. Detective Cynthia Oliver ("Oliver") testified that Hamerter was visibly upset and traumatized while being interviewed. Oliver also testified that she observed the injuries to Hamerter's face.

{¶9} Juhan testified on his own behalf and denied any responsibility for Hamerter's injuries. He testified that he picked her up on February 27 after her appointment downtown, and she appeared then to have been in a fight. He denied ever striking her.

{¶10} Juhan argues that Hamerter lacks credibility. "In reaching its verdict, the jury is free to believe all, part, or none of the testimony of each witness." *State v. Jackson*, 86 Ohio App.3d 29, 33, 619 N.E.2d 1135 (4th Dist.1993). Furthermore, "[t]he weight to be given the evidence and the credibility of the witness[es] are primarily for the trier of the facts." *State v. Richey*, 64 Ohio St.3d 353, 363, 595 N.E.2d 915 (1992).

{¶11} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "'there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt.'" (Emphasis in original and citations omitted.) *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 81 N.E.2d 229, ¶ 81. Here, the jury could have reasonably concluded from Hamerter's testimony and the photographic evidence, as well as the testimony of the responding police officers, that Juhan committed domestic violence. Therefore, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice in convicting Juhan of domestic violence.

**{¶12}** Accordingly, the sole assignment of error is overruled.

**{¶13}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, A.J., and
MARY EILEEN KILBANE, J., CONCUR